COMMONWEALTH OF
MASSACHUSETTS,
et al., Petitioners

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

Alliance of Automobile Manufacturers,
et al., Intervenors.

Nos. 03–1361, 03–1362, 03–1363, 03–1364,
03–1365, 03–1366, 03–1367, 03–1368.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 2, 2005.

William Lyon Pardee, Assistant Attorney General, James R. Milkey, Attorney General's Office of Commonwealth of Massachusetts, Boston, MA, Kimberly P. Massicotte, Matthew I. Levine, Attorney General's Office of State of Connecticut, Hartford, CT, Gary S. Feinerman, Gerald T. Karr, Attorney General's Office for the State of Illinois, Chicago, IL, Thomas Edward Davis, Attorney General's Office of State of Illinois, Springfield, IL, Gerald D. Reid, Attorney General's Office of State of Maine, Augusta, ME, Stefanie A. Brand, Attorney General's Office of State of New Jersey, Division of Law, Trenton, NJ, Stuart Michael Bluestone, Attorney General's Office of State of New Mexico, Santa Fe, NM, J. Jared Snyder, Attorney General's Office of State of New York, New York State Department of Law, Albany, NY, Peter Hans Lehner, Attorney General's Office of State of New York, New York, NY, Philip Schradle, Attorney General's Office of State of Oregon, Office of General Counsel, Salem, OR, Tricia K. Jedele, Attorney General's Office of State of Rhode Island, Providence, RI, William H. Sorrell, Erick Titrud, Kevin O. Leske,

Attorney General's Office of State of Vermont, Montpelier, VT, David K. Mears, Olympia, WA, Fiti A. Sunia, Attorney General's Office of American Samoa, Pago Pago American Samoa, Donna M. Murasky, Senior Litigation Counsel, Edward Eugene Schwab, Dep. Atty. Gen., Office of Attorney General for the District of Columbia, Washington, DC, Richard M. Frank, Nicholas Stern, Attorney General's Office of State of California, Sacramento, CA, Mary Elizabeth Hackenbracht, Marc Nathaniel Melnick, Attorney General's Office of State of California, Oakland, CA, for Petitioners.

Mary Elizabeth Hackenbracht, Marc Nathaniel Melnick, Nicholas Stern, Jeffrey Bossert Clark, Jon M. Lipshultz, Attorney, U.S. Department of Justice, Ann R. Klee, General Counsel, Nancy A. Ketcham–Colwill, John Thomas Hannon, Attorney, U.S. Environmental Protection Agency, Office of General Counsel, Washington, DC, for Respondent.

William Albert Anderson, II, Winston & Strawn LLP, Norman William Fichthorn, Allison D. Wood, Hunton & Williams LLP, Robin S. Conrad, National Chamber Litigation Center, Russell Scott Frye, John Leonard Wittenborn, Collier Shannon Scott, PLLC, Richard Stuart Wasserstrom, American Forest & Paper Association, Janice S. Amundson, Quentin Riegel, Ralph J. Colleli, Jr., Julie Carol Becker, William Lincoln Fang, Washington, DC, Jed Robert Mandel, Timothy A. French, Neal Gerber & Eisenberg, Chicago, IL, Neil David Gordon, Attorney General's Office of State of Michigan, Lansing, MI, Jane E. Atwood, Attorney General's Office of State of Texas, Austin, TX, Lawrence G. Wasden, Attorney General's Office of State of Idaho, Natural Resources Division, Boise, ID, Fred G. Nelson, Attorney General's Office of State of Utah, Salt Lake

City, UT, Roxanne Giedd, Attorney General's Office of State of South Dakota, Pierre, SD, Steven E. Mulder, Assist Atty. Gen., Attorney General's Office of State of Alaska Department of Law, Anchorage, AK, David W. Davies, III, Attorney General's Office of State of Kansas, Topeka, KS, Jon Cumberland Bruning, Attorney General's Office of State of Nebraska, Lincoln, NE, Dale T. Vitale, Attorney General's Office of State of Ohio, Columbus, OH, Leslie A. Hulse, American Chemistry Council, Arlington, VA, for Intervenors.

Before: GINSBURG, Chief Judge, and SENTELLE, HEBDERSON,* RANDOLPH, ROGERS,** TATEL,*** GARLAND,* BROWN, and GRIFFITH,** Circuit Judges.

### ORDER

PER CURIAM.

The petition of petitioners Commonwealth of Massachusetts, States of Maine, Oregon, Rhode Island, and Washington, and the District of Columbia for rehearing en banc and the opposition thereto were circulated to the full court, and a vote was requested. Thereafter a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

TATEL, Circuit Judge, with whom ROGERS, Circuit Judge, joins, dissenting from the denial of rehearing en banc.

In this case, several states and environmental groups petitioned for review of EPA's refusal to regulate greenhouse gases. The case presents two questions: 1) whether EPA has authority under the Clean Air Act (CAA) to regulate greenhouse gas emissions, and 2) whether, if it has such authority, its refusal to regulate greenhouse gases was arbitrary and capricious. Although the panel's decision denying the petitions has no precedential effect—the panel never considered the first question and Judge Randolph's views on the second are his alone—the case involves the threat of global warming and its attendant consequences for human health and the environment, and therefore presents an issue of "exceptional importance." Fed. R.App. P. 35; *see also* Douglas H. Ginsburg & Donald Falk, *The Court En Banc: 1981–1990*, 59 Geo. Wash. L.Rev. 1008, 1025 (1991) ("A case may be of exceptional importance to the public if it concerns ... a unique issue of great moment to the community ...."). Indeed, if global warming is not a matter of exceptional importance, then those words have no meaning.

Contrary to *Ethyl Corp. v. EPA*, 541 F.2d 1 (D.C.Cir.1976) (en banc), moreover, the panel's judgment permitted EPA to consider policy matters unconnected to the standard set by CAA section 202(a)(1). *See Ethyl*, 541 F.2d at 29 ("All of this is not to say that Congress left the Administrator free to set policy on his own terms. To the contrary, the policy guidelines are largely set, both in the statutory term 'will endanger' and in the relationship of that term to other sections of the Clean Air Act. These prescriptions direct the Administrator's actions."); *Mass. v. EPA*, 415 F.3d 50, 74–82 (Tatel, J., dissenting). Specifically, EPA offered several policy justifications to avoid making an endangerment

---

* Circuit Judges Henderson and Garland did not participate in this matter.

** Circuit Judges Rogers, Tatel, and Griffith would grant the petition for rehearing en banc.

*** A separate statement by Circuit Judge Tatel, in which Circuit Judge Rogers joins, dissenting from the denial of rehearing en banc, is attached.

finding for greenhouse gases, none of which has any bearing on the only question legitimately before it under CAA section 202(a)(1): whether greenhouse gases emitted from new cars "in [the Administrator's] judgment cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." CAA § 202(a)(1), 42 U.S.C. § 7521(a)(1); *see also Mass. v. EPA,* 415 F.3d at 74–81 (Tatel, J., dissenting). As to that question, EPA acknowledges not only that automobile emissions produce greenhouse gases, *see* Control of Emissions from New Highway Vehicles and Engines, 68 Fed.Reg. 52,922, 52,931 (Sept. 8, 2003) ("[t]he U.S. motor vehicle fleet is one of many sources of [greenhouse gas] emissions both here and abroad"), but also that greenhouse gases in turn contribute to climate change, *see id.* (noting the President intends to "begin now to address the factors that contribute to climate change" in part through "voluntary reductions in [greenhouse gas] intensity"); *see also Mass. v. EPA,* 415 F.3d at 77–78 (Tatel, J., dissenting) (noting both that EPA never suggested that uncertainties surrounding the nature of global warming prevent an endangerment finding and that evidence before the Agency would not support that position). In short, EPA all but concedes that automobile greenhouse gas emissions "cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." Although *Ethyl* recognizes EPA's discretion to interpret data from health risk assessments, nothing in *Ethyl* authorizes the Agency to do what it did here, i.e., to ignore record evidence of impending public harm and to refuse altogether to assess related risks.

For these reasons, I respectfully dissent from the denial of rehearing en banc.